IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLY RENEE BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12cv539-WC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.      INTRODUCTION**

Plaintiff, Kimberly Renee Bradley, applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f.  Her disability insurance benefits application was denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued a decision in which she found Plaintiff not disabled at any time through the date of the decision.  The Appeals Council rejected Plaintiff's request for review of the ALJ's decision.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review under 42 U.S.C. § 405(g).  Pursuant to 28

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social

U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 11); Def.'s Consent to Jurisdiction (Doc. 12).  Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.     STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

---

Security matters were transferred to the Commissioner of Social Security.

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

...

or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

The court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.     ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-eight years old at the time of the alleged onset date. Tr. 35. Plaintiff completed high school, a year of college, and some nursing training.  Tr. 46. Plaintiff's past relevant work experience was as a "certified nurse assistant," "production assembler," "orderly," and "warehouse worker."  Tr. 35.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since December 23, 2008, the alleged onset date."  (Step 1) Tr. 25.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments:  "diabetes mellitus, hypertension, obesity and mild osteoarthritis of the lumbar spine." *Id*.  The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)."  Tr. 26.  Next, the ALJ found that Plaintiff has the RFC to perform less than the full range of sedentary work.  Tr. 27.  The ALJ then concluded that Plaintiff "is unable to perform any past relevant work."  (Step 4) Tr. 35.  At Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with a VE, "there are jobs that exist in significant numbers in the national economy that the claimant can perform."  Tr. 36.  The ALJ identified the following occupations as examples:  "credit card interviewer," "food and beverage order clerk," and "addressing clerk."  *Id*.  Accordingly, the ALJ determined

5

that Plaintiff "has not been under a disability, as defined in the Social Security Act, from December 23, 2008 through the date of th[e] decision." Tr. 37.

## IV.  PLAINTIFF'S CLAIMS

Plaintiff presents two issues for this court's consideration in review of the ALJ's decision:  1) whether "[t]he Commissioner's decision should be reversed because the ALJ failed to consider the effects [Plaintiff's] headaches have on her ability to work"; and 2) whether "[t]he Commissioner's decision should be reversed, because the ALJ failed to give proper weight to the opinion of Dr. Cheatham, [Plaintiff's] treating physician." Pl.'s Br. (Doc. 10) at 5.

## V.  DISCUSSION

### A.  *Whether the ALJ failed to consider the effects of Plaintiff's headaches on her ability to work.*

Plaintiff argues that after finding that Plaintiff's headaches were "severe" in combination with Plaintiff's other impairments the ALJ erred when she "failed to analyze how the frequency or duration of the headaches would impact her ability to work." Pl.'s Br. (Doc. 10) at 5.  The court does not agree.  In making the Step 2 determination, the ALJ found that Plaintiff's headaches were "a symptom related to the diabetes rather than a separate medically determinable impairment."  Tr. 26.  Instead, the ALJ found the headaches to be severe in combination with the other impairments.  *Id*.   The ALJ went on to consider the headaches when assessing the RFC.  As the Commissioner states:

> Specifically, the ALJ noted Plaintiff's testimony that she experienced headaches (Tr. 28); the headache questionnaire Plaintiff completed in which Plaintiff reported that her headaches had increased in frequency and severity recently (Tr. 28); Dr. Colley's diagnosis of tension headaches (Tr. 29); and that treatment records showed that Plaintiff took 40 Lortab pills (prescribed for her headaches) over a 365-day period (Tr. 31).

Def.'s Br. (Doc. 13) at 11.

Moreover, the ALJ expressly states that the RFC "reflects the extent to which [fatigue, headaches, and dizziness] are deemed credible. As far as the headaches, while [Plaintiff] undoubtedly may experience a few, the amount of medication consumed to control them suggests they are not at the level of severity or frequency to support a finding of disability." Tr. 34-35. Thus, the court finds no merit in Plaintiff's argument that the ALJ failed to consider Plaintiff's headaches when determining the RFC.

### B.   *Whether the ALJ failed to give proper weight to the opinion of Dr. Cheatham.*

Plaintiff argues that the ALJ erred in his treatment of Dr. Cheatham's opinion. Dr. Cheatham was Plaintiff's treating physician, and Plaintiff argues that his opinion should have been given controlling weight. The problem for Plaintiff is that she only focuses on some aspects of Dr. Cheatham's opinions, while ignoring others. Indeed, the reason the ALJ did not give all of Dr. Cheatham's opinions controlling weight was based in part on the inconsistency of the doctor's records. *See* Tr. 32-33. Plaintiff points this court to Dr. Cheatham's August 2009 opinion, in which she opined that Plaintiff could not work a full 8 hour work day. The ALJ rejected this opinion based on Dr. Cheatham's January 2009

opinion, that Plaintiff could continue working a medium exertional job with significant walking, as well as the doctor's own treatment notes. Tr. 32.  Indeed, the ALJ's primary reason for the rejection of the August 2009 opinion was its inconsistency with the doctors own notations. *Id*.

Normally an ALJ must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary." *See Phillips*, 357 F.3d at 1240.  "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1240-41.  Further, "[t]he ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (holding the ALJ "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight").

Here, the ALJ's articulated "good cause" for the rejection of Dr. Cheatham's opinion—that it was inconsistent with other opinions and the treatment notes—is supported by substantial evidence.  As the ALJ discussed in the decision, there was nothing in the record to indicate what could have accounted for such a dramatic swing from the doctor's January 2009 opinion to the August 2009 opinion.  Neither were there

any records regarding any treatment by Dr. Cheatham during the period between January and August of 2009.  Considering that in January of 2009 Dr. Cheatham had opined that Plaintiff could perform medium exertional work and even lift/carry over 100 pounds without restriction, walk, stand, and sit 8 hours a day and no restrictions on reaching, handling, or fingering, the ALJ expected to see some treatment notes to explain why, merely 7 months later, the doctor would opine that Plaintiff could not work an 8 hour day and had many restrictions on lifting and standing.   As the ALJ points out, there are no records to even indicate that Plaintiff complained of back pain or treatment at the time the August 2009 opinion was rendered.  Tr. 33.  Moreover, the ALJ points to the July 2009 x-rays, which showed no abnormalities.  *Id*.

The court has reviewed the August 2009 opinion by Dr. Cheatham and agrees with the ALJ's determination to accord it considerably less weight.  The opinion appears to be an outlier, unsupported by the other medical record of evidence, and inconsistent with the doctor's treatment notes.  Thus, the ALJ properly rejected it for good cause and the court finds no error.

## VI.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED.  A separate judgment will issue.

Done this 19th day of September, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE